UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────

E. MISHAN & SONS, INC.,
                Plaintiff,

    -v-

CARAWAY HOME, INC.,
                Defendant.

24-CV-8929 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff E. Mishan & Sons, Inc. ("Mishan") brings this action against Defendant Caraway Home, Inc. ("Caraway") seeking a declaratory judgment of non-infringement of U.S. Design Patent D921,421. (ECF No. 6 ("Compl.").) Caraway, in turn, has filed an answer and accompanying counterclaim for design patent infringement under 35 U.S.C. § 271. (ECF No. 17 ("Car. Ans.").)

Mishan now moves for judgment on the pleadings, Fed. R. Civ. P. 12(c), both as to its own claim and as to Caraway's counterclaim. (ECF No. 21.) For the reasons that follow, Mishan's motion is granted.

I.     Background

    A.     Factual Background

The following facts, drawn from Caraway's answer and counterclaim, are assumed to be true for the purposes of this motion. *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) ("When a plaintiff is the movant, courts must accept all factual allegations in the answer and draw all reasonable inferences in favor of the defendants."). Caraway is a Delaware corporation that designs, manufactures, and sells cookware and related items. (Car. Ans. ¶ 67.) Caraway has sought to protect its cookware with a portfolio of design patents. (*Id*. ¶ 64.) One

such patent is U.S. Design Patent D921,421, which protects "the ornamental design for a cookware lid" ("Patented Lid"). (*Id.* ¶¶ 65, 72 (quotation marks omitted).) The D921,421 patent for the Patented Lid was issued to Caraway on June 8, 2021. (*Id.* ¶ 81.)

Mishan is a New York corporation that advertises, offers for sale, and sells its own cookware. (*Id.* ¶¶ 68, 73.) For some unspecified period, Mishan sold on Amazon.com its "Gotham Steel 11 Pc Ceramic Pots and Pans Set" (the "Accused Product"), which includes fry pans, saucepans, a stock pot, a steamer, and a corresponding lid to each piece. (*Id.* ¶ 73.) According to Caraway, the corresponding lid ("Accused Lid") is indistinguishable from Caraway's Patented Lid. (*Id.* ¶ 76.)

Caraway's counsel, Andrew Bochner, filed a complaint with Amazon on Caraway's behalf, in which Bochner alleged that Mishan's Accused Product, specifically the Accused Lid, infringed Caraway's design patent. (*Id.* ¶ 18; *see also* Compl. ¶¶ 18, 19.) Although Mishan's counsel requested to Bochner that Caraway withdraw the Amazon complaint, Caraway did not do so. (*Id.* ¶¶ 29-30.)

Mishan then brought this action for declaratory judgment of non-infringement based on Caraway's filing of a take-down notice with Amazon for Mishan's listing. (*Id.* ¶ 66.) According to Caraway, Mishan possesses knowledge of the Patented Lid's patent, Mishan's infringement of the patent is willful, and Mishan's continuing marketing, sales, manufacturing, and offering for sale of the Accused Products constitutes willful infringement. (Car. Ans. ¶¶ 84-85.)

### B. Procedural History

Mishan commenced this action on November 22, 2024, seeking a declaratory judgment of non-infringement. (Compl.) Caraway filed its answer and accompanying counterclaim against Mishan on January 31, 2025. (Car. Ans.). In its counterclaim, Caraway asserts a single

cause of action for patent infringement. (*Id.* ¶¶ 77-86). Mishan filed its answer to Caraway's counterclaim on February 21, 2025. (ECF No. 18.) On March 3, 2025, Mishan filed its motion for judgment on the pleadings pursuant to Rule 12(c) (ECF No. 21), and its accompanying memorandum of law (ECF No. 23). Caraway filed its opposition to the motion on March 31, 2025. (ECF No. 27.) Mishan filed its reply in support of its motion on April 7, 2025. (ECF No. 28).

## II.     Legal Standard

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively*, 6 F.4th at 301 (quotation marks omitted). To survive a motion to dismiss for failure to state a claim, a complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1076-77 (2d Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When a plaintiff is the movant," on a motion for judgment on the pleadings, "courts must accept all factual allegations in the answer and draw all reasonable inferences in favor of the defendants, who are the non-movants in that scenario." *Lively*, 6 F.4th at 305. In the instant action, then, Mishan may prevail on its Rule 12(c) motion only if the pleadings establish that Caraway has no plausible claim for patent infringement against Mishan. *See Effie Film, LLC v. Murphy*, 932 F. Supp. 2d 538, 552-53 (S.D.N.Y. 2013).

Design patent infringement is a question of fact. *See CommScope Techs. LLC v. Dali Wireless, Inc.*, 10 F.4th 1289, 1295, 1300 (Fed. Cir. 2021). Ordinarily, where there are issues of facts to be decided, the Court leaves these for decision by the jury. *See Pizzaro v. Euros El Tina Rest. Lounge & Billiards Corp.*, No. 20-CV-5783, 2022 WL 484851, at *3 (S.D.N.Y. Feb. 16,

2022). Nevertheless, courts may dismiss claims of design infringement on a Rule 12 motion where the infringement claim is "facially implausible" and provides "the district court with no basis on which to reasonably infer" infringement. *Colida v. Nokia, Inc.*, 347 F. App'x 568, 570 (Fed. Cir. 2009).

**III.     Discussion**

"In determining whether an accused product infringes a patented design . . . court[s] appl[y] the 'ordinary observer' test." *Crocs, Inc. v. Int'l. Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (quoting *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008)).

The ordinary observer test has two steps. At step one, courts look at the design patent's drawings and compare them to the accused product to determine if they appear "substantially the same." *Egyptian Goddess*, 543 F.3d at 678. In some cases, "the accused product and the patented design are 'plainly dissimilar' such that it will be clear to an ordinary observer the two designs are not 'substantially the same'." *PS Prods. Inc. v. Panther Trading Co., Inc.*, 122 F.4th 893, 898-99 (Fed. Cir. 2024) (quoting *Egyptian Goddess*, 543 F.3d at 678). In such a situation, "[n]o ordinary observer would be deceived into believing [the] accused product is the same as the . . . patented design." *Id.* at 899. Thus, "[n]o reasonable person could conclude that the facts . . . create a cause of action for design patent infringement." *Id*.

At step two, "when the claimed and accused designs are not plainly dissimilar, resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art." *Egyptian Goddess*, 543 F.3d at 678. "If the accused design has copied a particular feature of the claimed design that departs conspicuously from the prior art, the accused design is naturally

4

more likely to be regarded as deceptively similar to the claimed design, and thus infringing." *Id.* at 677. "If the claimed design consists of a combination of old features that creates an appearance deceptively similar to the accused design, even to an observer familiar with similar prior art designs, a finding of infringement would be justified." *Id.* at 677-78.

In other words, there are two levels to the infringement analysis: a step-one or "threshold" analysis to determine if comparison to the prior art is even necessary, and a step-two analysis "that accounts for prior art in less obvious cases." *See Wing Shing Prods. (BVI) Co. Ltd. v. Sunbeam Prods., Inc..*, 665 F. Supp. 2d 357, 362 (S.D.N.Y. 2009).

A.   **Step One: The Side-By-Side Threshold Analysis**

Mishan argues that the Patented Lid and Accused Lid are so plainly dissimilar that, without even considering any prior art, no reasonable factfinder could conclude that they would appear "substantially the same" to an observer. (ECF No. 23 at 11-12.)

To assess this assertion, some images are helpful. First, images of the Patented Lid.



'421 Patent (Fig. 1) (top view)      '421 Patent (Fig. 2) (bottom view)

(Car. Ans. at 9.) Notably, "in the drawings, the broken lines are for purposes of illustrating the environment only, and form no part of the claimed design." (ECF No.6-2.) As such, the Patented Lid's handle is not a part of the D921,421 patent.

Next, images of the Accused Lid.



(Car. Ans. at 10.)

Although the Federal Circuit has stated that "it can be difficult to answer the question of whether one thing is like another without being given a frame of reference" provided by prior art, *Egyptian Goddess*, 543 F.3d at 676-77, the instant action presents one of those rare cases where the featured designs are "plainly dissimilar" such that no ordinary observer would be deceived into thinking that the Accused Lid is the same as the Patented Lid. *Id*. at 678.

Two differences between the designs are immediately apparent. First, the Patented Lid has a "totally flat top surface," whereas the Accused Lid has a "top surface that is beveled (sloping) near the circumferential perimeter and a convex center." (Compl. ¶¶ 36, 37.) Second, the designs have different bottoms. As Mishan correctly points out, "the bottom side of the [Patented Lid] includes two separate semi-circular flanges," whereas "[t]he bottom side of the . . . [Accused Lid] does not have two separate flanges, but has a flange that comprises a single, continuous circular wall." (*Id*. at ¶¶ 38, 39.)

6

Once those two differences are removed—and recalling that the handle is not part of the patented design—the only similarity that remains is that both the Accused Lid and the Patented Lid are round. Caraway does not attempt to argue that its design patent encompasses *all circular cookware lids*, nor could it plausibly make such an argument. Given the clear differences and unexceptional similarity, "it cannot be said by any measure that the resemblance [between the Accused Lid and Patented Lid] is such as to deceive [an ordinary observer], inducing him to purchase one supposing it to be the other." *Colida v. Nokia Inc.*, 07-CV-8056, 2008 WL 4517188, at *7 (S.D.N.Y. May 6, 2008), *report and recommendation adopted*, 2008 WL 4449419 (S.D.N.Y. Sept. 29, 2008), *aff'd*, 347 F. App'x 568 (Fed. Cir. 2009). Indeed, the lack of similarity in this case is even clearer than in *Colida* and in other cases in which courts have determined designs to be so "plainly dissimilar" as to warrant dismissal at the pleadings stage. *See, e.g., Performance Designed Prods. LLC v. Mad Catz, Inc.*, No. 16-CV-629, 2016 WL 3552063, at *5 (S.D. Cal. June 29, 2016); *Wine Enthusiast, Inc. v. Vinotemp Int'l Corp.*, 317 F. Supp. 3d 795, 802 (S.D.N.Y. 2018); *Silverman v. Leombruni*, No. 15-CV-2260, 2016 WL 715735, at *3 (S.D.N.Y. Feb. 19, 2016); *MSA Prods., Inc. v. Nifty Home Prods., Inc.*, 883 F. Supp. 2d 535, 540-42 (D.N.J. 2012).

Neither Caraway's counterclaim nor its memorandum of law in opposition to Mishan's motion identifies or describes any similarities between the Accused Lid and Patented Lid. Instead, Caraway merely asserts that Mishan's "cookware set contain[s] pan and pot lids which infringe" the D921,421 patent. (Car. Ans. ¶ 66.) Caraway's "mere conclusory statements" cannot survive Mishan's motion for judgment on the pleadings. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Twombly*, 550 U.S. at 555 (concluding that although courts must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal

7

conclusion couched as a factual allegation"). "Given [Caraway's] complete silence on" the obvious differences between the Accused Lid and Patented Lid, this Court "agree[s] that the dissimilarities far exceed the similarities when comparing" the Accused Lid to the Patented Lid, "and no amount of extrinsic evidence can change that." *Colida v. Nokia, Inc.*, 347 F. App'x at 571 (internal quotations omitted).

### B.  Step Two: Comparison of the Designs to Prior Art

The ordinary observer test's second step "compar[es] the claimed and accused designs with prior art to identify differences that are not noticeable in the abstract but would be significant to the hypothetical ordinary observer familiar with the prior art." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).  Like at step one, if after conducting this analysis it is determined that it is implausible that the ordinary observer could perceive the designs as substantially similar, then infringement cannot be established.  *Id*. Because Mishan's motion succeeds at step one of the ordinary observer test, this Court need not proceed to step two's comparison of the designs to prior art.  *See Egyptian Goddess*, 543 F.3d at 678 (holding that consideration of prior art is only required where the accused and claimed designs appear "substantially the same" in the first instance).

For the sake of completeness, however, this Court will address the threshold question in dispute: whether this Court can consider certain prior art, as Caraway did not provide prior art exhibits in its pleadings.  Instead, prior art was only referenced within and attached to Mishan's pleadings in its answer to Caraway's counterclaim.  (ECF No. 18 at 5-7; ECF Nos. 18-1 to 17.)

Mishan relies on *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419 (2d. Cir. 2011), to argue that a court may consider "the complaint, the answer, [and] any written document attached to them" on a Rule 12(c) motion to dismiss.  (ECF No. 23 at 9 (quoting *L-7 Designs, Inc.*, 647

F.3d at 422).) The court in *L-7 Designs* does appear to have permitted consideration of documents attached to the *movant's* pleading in resolving a Rule 12(c) motion. *See* 647 F.3d at 422. Ten years later, however, the Second Circuit decided *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293 (2d Cir. 2021), which appears to have limited, or perhaps implicitly overruled, that portion of *L-7 Designs*. In *Lively*, the court held: "There is a difference between motions under Rules 12(b)(6) and 12(c) that limits the [holding] from *L-7 Designs*." 6 F.4th at 305.

"When a plaintiff is the movant" on a Rule 12(c) motion—as is true in the instant case— "courts must accept all factual allegations in the answer and draw all reasonable inferences in favor of the defendants, who are the non-movants in that scenario." *Id*. As a result, on a motion for judgment on the pleadings, the court "may consider all documents that qualify as part of the non-movant's 'pleading,' including (1) the complaint *or* answer, (2) documents attached to the pleading, (3) documents incorporated by reference in or integral to the pleading, and (4) matters of which the court may take judicial notice." *Id*. at 306. The court may not, however, consider evidence extrinsic to the non-movant's pleading—such as evidence attached to the *movant's* pleading—without converting the Rule 12(c) motion into a motion for summary judgment. *Id*.

Here, Mishan moves for judgment on the pleadings "with respect to [Mishan's] declaratory judgment claim for non-infringement . . . and [] [Caraway's] counterclaim for design patent infringement." (ECF No. 21 at 1.) Because Mishan is the movant and Caraway is the non-movant, this Court can consider Caraway's answer and counterclaim and any documents incorporated therein. The exhibits showing prior art, however, are attached to *Mishan's* answer to the counterclaim. Therefore, under *Lively*, in reviewing Mishan's motion for judgment on the pleadings, this Court is not permitted to consider those exhibits and citations to them without first converting the motion to a motion for summary judgment.

9

Even so, because Caraway cannot show that the claimed and accused designs appear substantially the same at step one, the step-two analysis that accounts for prior art is not needed. *See Egyptian Goddess*, 543 F.3d at 678.

## IV. Conclusion

For the foregoing reasons, Mishan's motion for judgment on the pleadings is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF No. 21, enter judgment in favor of Plaintiff E. Mishan & Sons, Inc. on both its declaratory judgment claim and Defendant Caraway Home's counterclaim for infringement, and close this case.

SO ORDERED.

Dated: September 8, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge